Thomas M. Finrow, Esq.  (State Bar No. 98976)
*THE LAW FIRM OF THOMAS M. FINROW*
9131 Fletcher Parkway, Suite 125
La Mesa, CA 91942
Phone: (619) 469-4181
Fax: (619) 469-8733
Email: tomfinesq@msn.com

Attorneys for Use Plaintiff
NATIONAL STEEL AND METALS, INC.

## UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of NATIONAL STEEL AND METALS, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> NEI CONTRACTING AND ENGINEERING, INC., a California corporation, INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey corporation; <br><br> Defendants. | Case No.  **'12CV0329 DMS MDD** <br><br> **COMPLAINT OF NATIONAL STEEL AND METALS, INC. FOR/ON:** <br><br> **1) Miller Act Payment Bond (40 U.S.C. Section 3131-3134);** <br><br> **2) Breach of Contract;** <br><br> **3) Common Counts.** <br><br> **JURY TRIAL REQUESTED** |

Use Plaintiff NATIONAL STEEL AND METALS, INC.  complains and alleges as follows:

### GENERAL ALLEGATIONS

1. Jurisdiction of this cause of action is conferred by 40 U.S.C. 3131 through 3134 (the "Miller Act").

2. Venue is proper in the United States District Court for the Southern District of California because the contracts for which the Miller Act payment bonds were issued were performed within this judicial district of the United States.

1    3. Use Plaintiff, NATIONAL STEEL& METALS, INC. (hereinafter referred to as

2    "NATIONAL STEEL"), is and was at all times mentioned a California corporation organized by

3    and existing by Virtue of the Laws of the State of California and maintaining its principal place

4    of business in San Diego, California, and is authorized and licensed by the State of California to

5    perform the work described below.

6    4. Use Plaintiff NATIONAL STEEL is informed and believes and thereupon alleges that

7    Defendant INTERNATIONAL FIDELITY INSURANCE COMPANY  (hereinafter referred to as

8    "FIDELITY") is  and at all times herein mentioned was a corporation organized under the laws

9    of the State of New Jersey and is authorized to transact business as a surety upon bonds or

10   undertakings in the State of California, and is within the jurisdiction of this Federal Court.

11   5. Use Plaintiff NATIONAL STEEL is informed and believes and thereupon alleges that

12   Defendant NEI CONTRACTING AND ENGINEERING, INC. (hereinafter referred to as "NEI")

13   is  and at all times herein mentioned was a corporation organized under the laws of the State of

14   California with its principal place of business in Chula Vista, California,  and is within the

15   jurisdiction of this Federal Court.

16

17                          **FIRST CAUSE OF ACTION**

18                              (Miller Act Bond)

19                    (Against Defendants FIDELITY AND NEI)

20   6. On or about September 13, 2010, NEI Contracting and Engineering, Inc. ("NEI") was

21   awarded a contract by the United States of America, through the Department of the Navy,

22   designated Contract No. N62473-10-D-5481/0012, for the construction of a work of

23   improvement at MCAS Miramar commonly referred to as  "P214 Solar Carports and Lighting

24   Retrofit MCAS Miramar" (hereafter referred to as the "Prime Contract").

25   7. Pursuant to said Prime Contract No. N62473-10-D-5481/0012 , NEI , as principal, and

26   FIDELITY, as surety, executed and delivered a certain payment bond in penal sum required by

27   law, whereby Defendant FIDELITY guaranteed the payment to all persons supplying labor and

28

1    material in the prosecution of the work provided for in said Prime Contract and any and all duly

2    requested and/or authorized modifications thereof.  Said bond was executed and delivered as

3    aforesaid in accordance with the provisions of 40 U.S.C. 3131 through 3134 (the Miller Act).  A

4    copy of said bond is attached hereto as Exhibit "A" and made of part hereof.

5         8.  Thereafter, and during the performance and prosecution of the work provided for in

6    said Prime Contract, Use Plaintiff NATIONAL STEEL entered into a written subcontract

7    agreement with NEI in the amount of Two Hundred Seventy-Six Thousand, Five Hundred Sixty-

8    Seven Dollar ($276,567.00) for the performance and prosecution of a part of the work prescribed

9    in Prime Contract No. N62473-10-D-5481/0012 between NEI and the United States of America.

10   A copy of said subcontract is attached hereto as Exhibit "B" and made a part hereof.

11        9.  During the course of the performance and prosecution of said Federal public work, and

12   under and by virtue of said Prime Contract between NEI and the United States of America, and

13   said subcontract agreement, NATIONAL STEEL performed certain structural metal and metal

14   decking work and related and incidental work required and designated under the Prime Contract

15   to be accomplished, and other like labor, materials, and equipment including extras and change

16   orders in the prosecution of the work provided in said contract with the United States of

17   America.

18        10.  NATIONAL STEEL has performed each condition, covenant and promise upon its

19   part to be performed under the aforesaid written subcontract agreement and changes thereto

20   requested by the United States Government and NEI, or such performance has been excused or

21   waived.

22        11. Said labor, material, and equipment so furnished by NATIONAL STEEL in the

23   prosecution of said subcontract, plus extras, change orders and extended overhead and delay

24   costs, is reasonably worth the sum of $276,567.00.  Of that sum, the amount of $211,902.37 has

25   been paid, and there is an outstanding balance due to NATIONAL STEEL for said work or

26   services in the amount of $64,664.63.

27        12.  Demand for payment of said sums has been made on NEI, as principal, and upon

28

**COMPLAINT OF USE PLAINTIFF NATIONAL STEEL AND METALS, INC.**
Page 3 of 7

1 FIDELITY, as surety.  Notwithstanding said demand, FIDELITY and NEI have jointly and
2 severally refused to pay all or part of said sum.

3      13.  As a proximate result of NEI's  failure to pay when due  the value of the contract and
4 extra work performed by NATIONAL STEEL, Use Plaintiff has suffered damages in the amount
5 of $64,664.63, or other amount according to proof at trial, plus interest at the legal rate on that
6 sum from the date such payment was due and owing, the exact date of which is unknown at this
7 time.  Use Plaintiff will amend this complaint when such date is ascertained upon leave of court
8 to do so.

9      14.  The work performed by NATIONAL STEEL under its subcontract with NEI was last
10 performed less than one year from the date of the filing of this complaint,  the last of which was
11 performed on or about August 24, 2011.

12      15.  A period of 90 days has now elapsed since National Steel last provided labor,
13 services, materials, equipment or supplies to NEI for inclusion in the Project.

14      16.  Use Plaintiff is informed and believes and thereupon alleges that the subcontract
15 between NEI and Plaintiff NATIONAL STEEL contained a clause entitling the prevailing party
16 in any action to be awarded reasonable attorneys fees.  Use Plaintiff therefore believes under
17 existing case law and/or statute that it is entitled to its reasonable attorneys' fees for prosecuting
18 this action against Defendants FIDELITY and NEI.

19      17.  Use Plaintiff is informed and believes and thereupon alleges that it is entitled under
20 the Federal Statute known as the Prompt Payment Act and codified as Federal Acquisition
21 Regulation F.A.R. 52-232-27 (April 1989) to interest and penalties for late payment in an amount
22 to be determined at the trial of this action.

23                         **SECOND CAUSE OF ACTION**

24                              (Breach of Contract)

25                            (Against Defendant NEI  )

26      18.  Plaintiff NATIONAL STEEL incorporates herein by reference each preceding
27 paragraph as though the same were set forth in full herein.

28

---

19. NATIONAL STEEL has performed all conditions, covenants, and promises under its subcontract with NEI on its part to be performed or such have been waived or excused.

20. At a time certain NEI breached the aforesaid subcontract, attached hereto as Exhibit "B," by failing and refusing to make payments to NATIONAL STEEL as required by said subcontract.

21. As a proximate result of NEI's failure to pay NATIONAL STEEL when due, the value of said subcontract and extra work performed by NATIONAL STEEL, Plaintiff has suffered damages in the amount of $64,664.63, plus interest at the legal rate from a date according to proof at trial.

22. The subcontract between NEI and Plaintiff NATIONAL STEEL contains a clause entitling the prevailing party in any action to be awarded reasonable attorneys' fees. Use Plaintiff therefore is entitled under existing case law and/or statute to its reasonable attorneys fees for prosecuting this action against Defendants FIDELITY and NEI.

23. Use Plaintiff is informed and believes and thereupon alleges that it is entitled under the Federal Statute known as the Prompt Payment Act and codified as Federal Acquisition Regulation F.A.R. 52-232-27 (April 1989) to interest and penalties for late payment against Defendant NEI in an amount to be determined at the trial of this action.

24. Use Plaintiff is informed and believes and thereupon alleges that it is entitled under California's Prompt Payment Act and codified at California Business and Professions Code Section 7108.5 to interest and penalties for late payment in an amount to be determined at the trial of this action, plus attorneys' fees.

## THIRD CAUSE OF ACTION

(Common Counts-Open Book Account, Account Stated)

(Against Defendant NEI)

25. Plaintiff NATIONAL STEEL incorporates herein by reference each preceding paragraph as though the same were set forth in full herein.

26. Within the last four years and/on or about a date certain at San Diego, California,

Defendant NEI became indebted to Plaintiff under the subcontract in the sum of $64,664.63, plus interest at the legal rate from a date according to proof, on an open book account for labor, materials and equipment furnished to Defendant NEI, and/or because an account was stated in writing by and between Plaintiff and Defendant NEI  in which it was agreed that  NEI was indebted to Plaintiff, and which Defendant agreed to pay to Plaintiff upon billing.

27. $276,567.00  is the reasonable value of the labor, materials and equipment furnished to Defendant under the subcontract, $64,664.63 of which remains unpaid despite Plaintiff's demand, plus pre-judgment interest according to proof at the maximum rate allowable by law from a date according to proof at trial.

28.  Plaintiff is entitled to attorneys' fees by an agreement or a statute according to proof.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF NATIONAL STEEL AND METALS, INC. prays for judgment as follows:

### ON THE FIRST CAUSE OF ACTION

(Against Defendants NEI and FIDELITY)

1.  For damages in the sum of $64,664.63,  together with interest thereon at the legal rate from the date(s) due, to be ascertained by the Court;

2.  For interest and penalties for late payment as so authorized by the Prompt Payment Act, as mentioned in Federal regulation F.A.R. 52-232-27 (April 1989);

3.  For reasonable attorneys' fees and costs of suit incurred herein according to statute, agreement or applicable case law; and

4.  For such other and further relief as the Court may deem just and proper.

### ON THE SECOND AND THIRD CAUSES OF ACTION

(Against Defendant NEI  )

5.  For damages in the sum of $64,664.63, together with interest thereon at the legal rate from the date(s) due, to be ascertained by the Court;

6.  For interest and penalties for late payment as so authorized by the Prompt Payment

---

**COMPLAINT OF USE PLAINTIFF NATIONAL STEEL AND METALS, INC.**

1    Act, as mentioned in the Federal regulation F.A.R. 52-232-27 (April 1989), and/or California

2    Business and Professions Code Section 7108.5;

3          7.  For reasonable attorneys' fees and costs of suit incurred herein according to statute,

4    agreement or applicable case law; and

5          8.  For such other and further relief as the Court may deem just and proper.

6    Dated:  2-8-12

7                                              S/Thomas M. Finrow
                                               Thomas M. Finrow, Esq.
8                                              Attorney for Use Plaintiff NATIONAL STEEL AND
                                               METALS, INC.  INC.
9

10

11                              DEMAND FOR JURY TRIAL

12          Use Plaintiff NATIONAL STEEL AND METALS, INC.   hereby demands a trial by

13    jury in the above captioned action.

14    Dated:  2-8-12

15                                             S/Thomas M. Finrow
                                               Thomas M. Finrow, Esq.
16                                             Attorney for Use Plaintiff NATIONAL STEEL AND
                                               METALS, INC.  INC.

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT OF USE PLAINTIFF NATIONAL STEEL AND METALS, INC.**

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS NEI Contracting and Engineering, |
|---|---|
| National Steel and Metals, Inc., a California corporation | Inc., a California corporation; International Fidelity Insurance Company, a New Jersey corporation |

(b) County of Residence of First Listed Plaintiff __San Diego__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __San Diego__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Thomas M. Finrow, Esq.
9131 Fletcher Parkway, Suite 125
La Mesa, CA 91942 919-469-4181

Attorneys (If Known)

**'12CV0329 DMS MDD**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government Plaintiff

☒ 3  Federal Question —yeb
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☒ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
40 U.S.C. Section 3131-3134          40:0270 yeb

Brief description of cause:
Action on Miller Act Payment Bond

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
$64,664.63

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE
February 2, 2012

SIGNATURE OF ATTORNEY OF RECORD
S/Thomas M. Finrow

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____